DORIS HARSHAW D/B/A HARSHAW BONDING COMPANY AND JO WILKINS D/B/A JO WILKINS BONDING COMPANY, PLAINTIFFS v. HUSSAIN MUSSALLAM MUSTAFA, DEFENDANT; JOHN ESSA AND NABIL HANHAN, INDIVIDUALLY AND DOING BUSINESS AS SULTANA INVESTMENTS, A PARTNERSHIP, INTERVENOR DEFENDANTS

No. 109PA87

(Filed 2 December 1987)

**Arrest and Bail § 11.2— appearance bond—forfeiture order—accrual of surety's action against principal**

> The trial judge should have allowed intervenor defendants' motions to set aside a judgment and to dismiss an action under N.C.G.S. § 1A-1, Rule 12(b)(6) where plaintiffs were sureties on an appearance bond, the intervening defendants claimed that the principal had conveyed real property to them, the principal had fled the jurisdiction, and plaintiff sureties had made no payment on the bond. A surety's cause of action does not accrue until he makes payment on the debt of the principal. N.C.G.S. § 26-312(a).

ON intervenor defendants' petition for discretionary review of the decision of the Court of Appeals, 84 N.C. App. 296, 352 S.E. 2d 247 (1987), affirming orders of *Williams, J.*, at the 27 January 1986 session of Superior Court, GUILFORD County, denying intervenor defendants' motions to dismiss plaintiffs' complaint and to vacate default judgment against defendant. Heard in the Supreme Court 11 November 1987.

*Hatfield & Hatfield, by John B. Hatfield, Jr., for plaintiff-appellees.*

*Benjamin D. Haines for intervenor defendants, appellants.*

MARTIN, Justice.

This appeal raises the issue of whether plaintiffs, who are sureties on bonds issued by their principal, defendant Mustafa, can sue their principal before paying all or part of the penal amount of the bonds. We conclude that they cannot and therefore reverse the Court of Appeals.

Plaintiffs brought this action alleging that they are sureties on two appearance bonds, in the total amount of $25,000, to assure the appearance of defendant Mustafa in the District Court of Guilford County on 31 May 1985. Defendant failed to appear. Although the presiding judge ordered forfeiture of the bonds,

plaintiffs do not allege, nor is there proof, that they have made any payment on the bonds. Plaintiffs seek to recover from their principal, Mustafa, judgment for $25,000. By ancillary proceedings, plaintiffs also attached certain real property allegedly owned by Mustafa.

The intervening defendants claim that Mustafa conveyed the real property to them on 28 May 1985, although the deed was not recorded until 12 June 1985, after the attachment against the property on 7 June 1985. Intervening defendants made a motion under Rule 60(b) of the North Carolina Rules of Civil Procedure to set aside the judgment against Mustafa and a motion to dissolve the attachment pursuant to N.C.G.S. § 1-440.43, as well as a motion to dismiss plaintiffs' complaint under N.C.R. Civ. P. 12(b)(6). All motions were denied, and intervenor defendants appealed to the Court of Appeals.[1]

Although the facts appear to be complex, the legal issue on appeal is narrow: May a surety on an appearance bond sue his principal before the surety has paid all or part of the bond? The Court of Appeals answered in the affirmative, holding that a surety's cause of action accrues where forfeiture of an appearance bond is ordered and the principal has evaded process by leaving the jurisdiction. We disagree.

Since the opinion of Justice Ruffin in *Hodges v. Armstrong*, 14 N.C. 253 (1831), this Court has steadfastly held that a surety's cause of action does not accrue until he makes payment on the debt of the principal. A judgment against the surety will not suffice. *Id.* The principal is not obligated to his surety until his surety has made a payment. *Insurance Co. v. Gibbs*, 260 N.C. 681, 133 S.E. 2d 669 (1963). The surety's right of action accrues at the time of payment, not before. *Id.*

These rules of law have now been substantially codified in N.C.G.S. § 26-3.1(a):

> A surety who has *paid* his principal's note, bill, bond or other written obligation, may either sue his principal for reimbursement or sue his principal on the instrument and may

---

1. Mustafa has evidently fled the jurisdiction and has made no appearance in this action.

maintain any action or avail himself of any remedy which the creditor himself might have had against the principal debtor. No assignment of the obligation to the surety or to a third-party trustee for the surety's benefit shall be required.

(Emphasis added.)

We continue to adhere to the principles above stated. Because plaintiffs' causes of action had not accrued against Mustafa, the trial judge should have allowed intervenor defendants' motions to set aside the judgment and to dismiss the action under N.C.R. Civ. P. 12(b)(6).

The decision of the Court of Appeals is reversed and the case is remanded to that court for remand to the Superior Court, Guilford County, for further proceedings not inconsistent with this opinion.

Reversed and remanded.